## Warren Springer v. John Borden.

1. LEASE—*Failure to Fix Rents by Arbitration—Equity.*—By the provisions of a lease the value of certain premises was to be fixed every ten years by the award of arbitrators as a basis upon which to compute the rents, and in case of a failure to make such award, then unless all the parties interested could at once agree upon such value, any person interested might apply to a court of record in the county, to have the value ascertained, and its judgment in the premises should be binding upon all persons concerned. The arbitrators having failed to make the award, the court acted in the matter and fixed the value under the lease: *Held*, the action was legal and binding upon all parties in interest.

2. RENTS—*Fixed by Proceedings in Court—Res Adjudicata.*—A judgment in an action at law, based upon the cash value of premises for rent due under the terms of a lease making provisions for such adjudication, is *res adjudicata* as to the basis upon which rent is to be computed and paid, up to the time for the next fixing of such value.

3. COURTS OF EQUITY—*Sitting to Find a Single Fact.*—Where a court of equity obtains jurisdiction for the purpose of fixing the cash value of the premises under the provisions of a lease as a basis upon which to compute rent, it may make a decree for the payment of all rent which upon such basis is due and payable under the terms of the lease, at the time of the filing of the bill; nor is the court ousted of jurisdiction to render a decree, because it may have stopped short of awarding the relief it had power to give.

Memorandum.—Bill in equity to have the value of a lot of land in the city of Chicago on the 1st day of January, 1892, ascertained and fixed

under the provisions of a lease.  Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.  Heard in this court at the March term, 1894, and affirmed.  Opinion filed July 2, 1894.

The opinion states the case.

PECK, MILLER & STARR and WM. J. AMMEN, attorneys for appellant.

WILSON, MOORE & McILVAINE, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

As stated by appellants in the brief by them filed, "This was a bill in equity to have the value of a lot of land in the city of Chicago on the first day of January, 1892, ascertained and fixed."  The only specific prayer for relief contained in the bill was "that this honorable court may ascertain and fix the cash value of said lot three (3), exclusive of the buildings and improvements thereon, on the first day of January, A. D. 1892, in the manner and for the purpose specified in the said lease above mentioned from your orator to George H. Taylor."  And the only relief which the court gave on the final hearing was to find and order, adjudge and decree that the cash value of the said premises, exclusive of the buildings and improvements thereon, on January 1, 1892, was $300,000, "and that the said sum be taken and treated in all respects as the value of said premises at said time, for the purpose of ascertaining and fixing the rental to be paid under said lease for the ten years beginning January 1, 1892, and that the rights of the complainant, and of the other parties to the said lease, and to said proceeding, be in all respects the same as if the said sum had been found and ascertained to be the cash value of the said demised premises at said date, in the manner provided by the terms of the said lease."

The subject-matter of this suit was the ascertaining and fixing the value of certain premises.  The provisions of the lease upon this matter were as follows:

"And it is further mutually agreed between the parties hereto, that in order to ascertain the said cash value of said demised premises, as before specified, at each of the above dates, the person or persons then interested on either part hereto may, not exceeding ninety days prior to each of such dates, select a competent and disinterested person, who shall be at the time a resident of the said city of Chicago, and the owner of a freehold in the South Division thereof, and notify the person or persons then interested on the other part hereto of such selection, whereupon he or they shall, within fifteen days thereafter, select another person of like character and qualifications, and notify the person or persons. making the first selection of such second choice, whereupon the two persons thus chosen shall select a third person of like character and qualifications as above, or if the two can not agree upon such third person, each of them shall name one person, of which two the one to serve shall be determined upon by lot in any manner mutually agreed upon by the two persons already chosen, and the three so selected, having been first duly sworn, shall fix a time and place of meeting, and notify the persons interested, at which, as well as at all adjourned meetings, the persons interested shall be entitled to be heard with their proofs, after which the said appraisers, or a majority of them, shall render their award in writing, subscribed by them, or a majority of them, of the then cash value of said demised premises, exclusive of the buildings and improvements thereon, which award shall be made in duplicate, with a copy of the oaths of the appraisers thereto attached, and be delivered to the person or persons then interested on the side of the first and second parts hereto, one copy to and for each party, which value, when so found in a legal, just and valid manner, shall be assumed and taken to be the said cash value of said demised premises as above specified at the respective date for which said appraisers may have been chosen and selected.

And it is further mutually agreed between the parties hereto, that if the person or persons on either part hereto, being legally competent to do so, shall fail or neglect to

appoint an appraiser, and give notice thereof within the time above limited, after such other party first moving in the matter shall have selected an appraiser and given notice thereof as above, such party who shall have made such first selection, shall be and is or are hereby irrevocably authorized, on behalf of the party so failing or neglecting, to select one of the character and qualifications as above for the party so failing or neglecting, which two shall proceed to select the third in the manner as above, which three, so chosen, shall proceed as above provided to make the award, which award, when made and delivered as aforesaid, shall stand the same as, and be as valid and binding as if no failure or neglect to appoint or select an appraiser had occurred.

And it is further mutually agreed between the parties hereto, that if for any cause whatever a valid and just award shall fail to be made at any of the said times, or shall not be made and completed by the time or date for which, if duly made, it would fix or ascertain the said cash value of said demised premises as aforesaid, then unless all the parties interested can otherwise at once agree upon such value, any person or persons at the time interested upon either part or side hereto, shall have the right and be entitled to apply to any court of record in said county of Cook, to have the said value ascertained, whose judgment or decree in the premises shall be binding upon all persons concerned."

As to whether there had been by appellee a valid, determined and honest endeavor to have appraisers selected and an appraisement and award made in accordance with the terms of the lease, and as to whether, without any fault of appellee, such attempt had failed, so that it was necessary that an application should be made to a court of record to determine what would otherwise have been found by appraisers, we are of the opinion that no sufficient reason is shown for interfering with the conclusion of the court below in that regard.

It is insisted by appellant that a court of equity had no jurisdiction, and that appellee was, in violation of the constitution of this State, deprived of his right to a trial by

jury. As to this matter we are of the opinion that the decision of this court in the case of Tobey Furniture Company v. Rowe, 18 Ill. App. 293, is decisive of this case.

Appellant attempts to draw a distinction between that case and this, saying that in that case the provision for the payment of rent in the lease was to pay a sum equal to six per cent upon the appraised value of the lot, and that until there had been an appraised value no action at law could be maintained for the rent, whereas, as appellant insists in the present case the provision is to pay a sum equal to five per cent upon the cash value of the land, that a cash value is a value that always exists, and is an ever-subsisting fact, which in an action for the rent might be found by a jury; whereas an appraised value is something that does not exist until there has been an appraisement.

In considering this case and the case in the 18th Ill. App. we must not stick in the bark in our examination of either, or confine ourselves to a single clause selected from either.

The lease in the present case as well as that in the case of the Tobey Furniture Company, consists of many paragraphs, and each instrument as a whole is to be considered for the purpose of determining whether they are so similar or so variant that a decision upon one is or is not authority for the course to be pursued in respect to the other.

The lease considered in the case of the Tobey Furniture Company v. Rowe, contained the following provisions:

" 2d. There shall be paid for each of the three remaining periods of five years of the said term of twenty years, a sum of money for each respective period, equal to six per cent per annum upon the appraised value of the said lot, piece or parcel of ground, upon an appraisal thereof to be made at the time and in the manner hereinafter provided, the payment thereof to be made at the times, and with such other payment as is hereinafter further provided."

" 4th. The question to be submitted to the said appraisers at the time of each appraisal shall be: 'What, in your candid judgment, is the present fair cash value of the said demised premises, not taking into consideration the

improvements thereon?' And all reports of appraisers shall be made in writing.

"5th. Six per centum of the valuation of the said lot, piece or parcel of ground, exclusive of improvements thereon, thus found by the said appraisement, shall be the rent to be paid by the said parties·of the second part for the premises for·the next ensuing period of five years after such appraisement is made, to be paid, together with taxes, all according to the several provisions herein contained."

In the present case, the lease provides for the payment of five per cent upon the cash value of the premises to be determined by appraisement; the provision of the lease in the case at bar being as follows:

" During the residue of said term, that is to say, from and including the 1st day of January, A. D. 1892, until the first day of January, 1922, yielding and paying therefor yearly, the sum or yearly rent, which shall be equal to five per cent of the cash value of said demised premises, exclusive of the buildings and improvements thereon. * * * And it is further mutually agreed between the parties hereto, that in order to ascertain the said cash value as before specified, the person or persons then interested may select a competent and disinterested person" (here follows the provision for appraisement set out in the bill of complaint). * * * " The said appraisers, or a majority of them, shall render their award in writing, subscribed by them or a majority of them, of the then cash value of said demised premises, exclusive of the buildings and improvements thereon. * * * Which value, when so found, in a legal, just and valid manner, shall be assumed and taken to be the said cash value of said demised premises, as above specified, at the respective date for which said appraisers may have been chosen and selected."

The clear intent and purpose of each lease is that a rental is to be paid upon the cash value, and that such cash value is to be determined by appraisement. We think there is no substantial difference in the two leases in this regard.

In the present case it would seem as if the title, derived

from the lessee of the premises, was in such a state that the landlord, in order that he might be able to avail himself of the remedy provided by the lease, as well as that afforded by the statute for non-payment of rent, had a right to have the rent fixed by a court of equity.

Counsel for appellant have not made it clear that appellee could, in a suit at law, have recovered such a judgment as would have enabled him in all events either to have obtained the rent due him, or to have regained possession of his premises in a single suit at law. We entirely agree with appellant that a judgment in an action at law, based upon the cash value of the premises in such action found, for rent due under the terms of the lease, would have been *res adjudicata* as to the basis upon which rent was to be computed and paid, up to the time for the next appraisement. Freeman on Judgments, Sec. 273; Black on Judgments, Sec. 624.

The case was tried, witnesses appearing and testifying in open court, so that the court had a better opportunity for arriving at a conclusion as to the fact in dispute, viz., the cash value of the premises, than a reviewing court can have.

We perceive no such errors in the reception or rejection of evidence as warrant a reversal of this case.

It is urged that this case presents the novel feature of a court of equity sitting merely to find a single fact without giving any relief based upon such fact.

We see no reason why the Circuit Court, having obtained jurisdiction for the purpose of ascertaining and fixing the cash value of the premises as a basis upon which to compute rent, might not have gone to make a decree for the payment of all rent that upon such basis was, under the terms of the lease, due and payable up to the time of the filing of the bill in this case; nor do we see any reason why, because the court stopped short of awarding relief which it had power to give, it can be said that the court was thus ousted of jurisdiction to render any decree at all.

Doubtless if appellant had asked that it do so, the court

would have gone on and awarded a decree for the rent due upon the basis of the value by it found, up to the time of the bringing of the bill. If the court has, as is urged by appellant, only found and determined what is but the incident to that which gave it jurisdiction to proceed at all, its action in that regard was one of which appellant made no complaint in the court below, and has not urged as error here, other than in the way of insisting that the decree, as to the relief awarded, is so incomplete that it shows that the court had no jurisdiction of the subject-matter of the bill. The error, if any, in failing to award complete relief, is a thing of which we do not think appellant is now in a position to complain of.

The decree of the Circuit Court will therefore be affirmed.